Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dayna Amsler;<br><br>         Plaintiff,<br><br>v.<br><br>Equable Ascent Financial, LLC;<br>and Velocity Investments, LLC;<br><br>         Defendants. | No.<br><br><br><br>**COMPLAINT**<br><br><br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

### II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.

Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.

4. Plaintiff is a natural person allegedly obligated to pay a consumer debt.

5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6. Defendant Equable Ascent Financial, LLC (hereinafter "Equable") is a Delaware limited liability company doing business within the State of Arizona.

7. Equable is licensed as a third party debt collector by the Arizona Department of Financial Institutions, license number 0918638.

8. Equable collects or attempts to collect debts owed or asserted to be owed or due another, or debts it has purchased after default.

9. Equable is a "debt collector" as that term is defined by FDCPA § 1692a(6).

10. Defendant Velocity Investments, LLC (hereinafter "Velocity") is a New Jersey limited liability company doing business within the State of Arizona.

11. Velocity is licensed as a third party debt collector by the Arizona Department of Financial Institutions, license number 0914033.

12. Velocity collects or attempts to collect debts owed or asserted to be owed or due another, or debts it has purchased after default.

13. Velocity is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV. Factual Allegations

14. On July 8, 2010, Equable filed suit against Amsler to collect a debt it allegedly purchased from GE Capital Corporation.

15. Any debt Plaintiff would have had with GE Capital Corporation would have been incurred for personal, family or household purposes.

16. Amsler contested the Equable suit, and, on or about February 1, 2011, the Court found in favor of Amsler and entered judgment in her favor.

17. Sometime after February 1, 2011, upon information and belief, Equable sold or transferred the GE debt to Velocity.

18. Upon information and belief, at the time Equable sold or transferred the GE debt to Velocity, it failed to communicate to Velocity that it had sued Plaintiff in an Arizona court and that the court had entered judgment in Plaintiff's favor.

19. In the alternative, upon information and belief, at the time Equable sold or transferred the GE debt to Velocity, Equable communicated to Velocity that it had sued Plaintiff in an Arizona court and that the court had entered judgment in Plaintiff's favor.

20. Upon information and belief, at the time Equable sold or transferred the GE debt to Velocity, it failed to communicate to Velocity that Plaintiff disputed the debt.

21. In the alternative, upon information and belief, at the time Equable

1  sold or transferred the GE debt to Velocity, Equable communicated
2  to Velocity that Plaintiff disputed the debt.
3  22. On or about September 21, 2011, Velocity sent Plaintiff a collection
4  letter concerning the same GE debt. A copy of the letter is attached
5  hereto as Exhibit A.
6  23. Exhibit A is the first communication sent by Velocity to Plaintiff
7  concerning the GE debt.
8  24. In Exhibit A, Velocity stated:
9  > As you are aware we have purchased and are the current owner of the debt which was previ-
10 > ously owed to the original creditor set forth above.
11 25. At the time Velocity sent Exhibit A to Plaintiff, upon information
12 and belief, it knew or should have known that the debt it was
13 attempting to collect had been sued upon and lost and therefore
14 was not owed.
15 26. In Exhibit A, Velocity also stated:
16 > In the event that we are unable to resolve this matter this file will be transferred to the law
17 > offices of: GURSTEL STALOCH & CHARGO P.A. 6681 Country Club Drive Golden Valley, MN
18 > 55427.
19 27. At the time Velocity sent Exhibit A to Plaintiff, it had no intention
20 transferring the file to Gurstel Staloch & Chargo, or of filing suit
21 against Plaintiff concerning the GE debt.
22 28. As a result and proximate cause of Defendants' actions, Plaintiff
23 has suffered actual damages, including, but not limited to, and
24 emotional distress.
25

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

30. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), and 1692g.

31. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)    Such other relief as may be just and proper.

/ / /

/ / /

DATED  February 24, 2012 .

        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff